UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROY KARKLIN,

     Plaintiff,

v.

GARY MINARD and CARROLL
WALKER,

     Defendants.

Case No. 22-11970
Honorable Laurie J. Michelson
Magistrate Judge Anthony Patti

---

## ORDER ACCEPTING REPORT AND RECOMMENDATION [34] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [23]

James Roy Karklin, a state prisoner at the Saginaw Valley Correctional Facility, filed this *pro se* case under 42 U.S.C. § 1983 against the Michigan Department of Corrections and seven other defendants, alleging violations of his Eighth Amendment rights. (ECF No. 1.) He challenges the procedures that SCF has implemented to reduce and prevent the spread of COVID-19. (*See* ECF No. 1-3.) All pretrial matters in this case were referred to Magistrate Judge Anthony Patti. (ECF No. 13.)

In time, Defendants filed a motion for summary judgment on all claims against them. (ECF No. 23.) Subsequently, Karklin requested a dismissal of all but two defendants. (*See* ECF No. 30.) The Court granted Karklin's request and dismissed Defendants MDOC, O'Bell Winn, Heidi Washington, C.F.A Jeremy Bush, Correctional Officer Jesse Schwartz, and the unknown officer John Doe. (ECF No. 31, PageID.172–173.) Only Defendants Carroll Walker and Gary Minard remain. Before

the Court is Magistrate Judge Patti's report and recommendation to grant Defendants' motion for summary judgment and enter judgment in their favor. (ECF No. 34, PageID.196.)

At the conclusion of the November 27, 2023, Report and Recommendation, Magistrate Judge Patti notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.*) Under Federal Rule of Civil Procedure 6(d), since Karklin was served via mail, three days are added to the objection period. And the prison mailbox rule also applies, so Karklin's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Karklin may have mailed, it has now been 36 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural

default waiving review even at the district court level." *See also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 34.) It follows that Defendants' motion for summary judgment (ECF No. 23) is GRANTED. A separate judgment will follow.

SO ORDERED.

Dated: January 3, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE